# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| RONALD TELLEZ, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-856-TLS |
| WARDEN, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Ronald Tellez, a prisoner without a lawyer, filed an amended habeas corpus petition attempting to challenge his murder conviction and 50 year sentence by the St. Joseph Superior Court on May 19, 1992, under cause number 71D05-9105-CF-473. ECF 11 at 1. Habeas Corpus petitions are subject to a strict one year statute of limitations.[1] There are four possible dates from which the limitation period can begin to run. Nothing in Tellez' petition indicates that State action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore 28 U.S.C. § 2244(d)(1)(B),

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides that:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(C), and (D) are not applicable here. Thus the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the completion of direct review. Tellez took a direct appeal to the Court of Appeals of Indiana, which affirmed his conviction on March 23, 1993. [ECF No. 11 at 1]. His subsequent petition to transfer to the Indiana Supreme Court was denied on May 12, 1993. *Id.* However, the time limit for filing habeas corpus petitions was enacted into law on April 24, 1996. Because Tellez's conviction became final prior to that date, that is when his conviction became final for the purposes of 28 U.S.C. § 2244(d)(1)(A). *See Graham v. Borgen*, 483 F.3d 475, 478 (7th Cir. 2007); *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Therefore, the last day to file a timely habeas corpus petition in federal court was April 24, 1997. However, he did not sign his habeas corpus petition until December 12, 2016. Thus, it is nearly 20 years late.

In response to question 9 (which asked him to explain why the petition is timely), Tellez argues that his habeas petition is timely because he filed the petition within one year of the Indiana Supreme Court's denial of his petition to transfer his post-conviction relief case. [ECF 11 at 43.] Tellez filed a post-conviction relief petition in State court on March 10, 2011. [*Id.* at 2.] His post-conviction relief petition was finalized on January 16, 2016, when the Indiana Supreme Court denied his motion to transfer. *Id.* However, by the time he filed his post-conviction relief petition, his limitations period to file in federal court had already expired. Once the limitations period expired, filing another post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court

dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging petitioner to proceed further. Thus a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the court **DENIES** habeas corpus relief pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely, **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11, and **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED on August 15, 2017.

s/ Theresa L. Springmann\
CHIEF JUDGE THERESA L. SPRINGMANN\
UNITED STATES DISTRICT COURT\
FORT WAYNE DIVISION